IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT

JUL 22 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01304-OES

CHARLES RONALD COOPER,

Applicant,

v.

GARY GOLDER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

___

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

___

Applicant Charles Ronald Cooper is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling, Colorado, Correctional Facility. Mr. Cooper has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court must construe the application liberally because Mr. Cooper is representing himself. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Cooper will be ordered to file an amended application.

Mr. Cooper challenges the validity of his 1993 conviction. He alleges that he was convicted by a jury in the Arapahoe County District Court on two counts of aggravated robbery, seven counts of menacing, and one count each of first-degree burglary and theft. He further alleges that he was sentenced to a total of fifty years in DOC custody. He asserts that on January 18, 1996, the judgment of conviction was affirmed on direct

appeal. He also asserts that on July 19, 1996, certiorari review was denied.

Mr. Cooper contends that he initiated five postconviction proceedings in the Arapahoe County District Court. He alleges that on January 16, 1997, he filed pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure a motion for reduction of sentence, which the sentencing court denied on February 7, 1999. He further alleges that on November 12, 1998, he filed a postconviction motion pursuant to Colo. R. Crim. P. 35(c). He also alleges that in the same month, he filed a second postconviction motion pursuant to Colo. R. Crim. P. 35(c), which was granted on March 29, 1999.

He asserts that on December 26, 1999, he filed a third postconviction motion pursuant to Colo. R. Crim. P. 35(c), together with motions for justifiable excuse or excusable neglect and for appointment of counsel. He maintains that the sentencing court did not rule on his Colo. R. Crim. P. 35(c) motion and denied the motion for justifiable excuse as moot. On March 21, 2002, the state appeals court affirmed.

He alleges that on July 16, 2002, he filed a Colo. R. Crim. P. 35(a) and (c) motion. On October 28, 2002, he supplemented the motion. Instead of ruling on the motion, he alleges that the sentencing court denied his supplemental motion. On November 10, 2004, the state appeals court affirmed. On April 18, 2005, the state supreme court denied certiorari review.

Mr. Cooper asserts two claims for relief in the application. However, the Court is unable to determine in what, if any, postconviction proceeding he raised and exhausted his asserted claims. Mr. Cooper provides confusing or incomplete information regarding the postconviction motions he alleges he filed. The Court needs this information to be complete and accurate in order to determine whether the instant

action is filed in a timely manner and whether Mr. Cooper has exhausted state remedies before seeking federal court intervention. Therefore, Mr. Cooper will be ordered to file an amended application in which he clarifies the precise claims he is asserting and the specific facts that support each asserted claim.

Mr. Cooper further will be directed to copy and follow the format on page four of the Court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to discuss each postconviction motion he initiated in state court. For any postconviction motion that Mr. Cooper wishes to have the Court consider in determining whether the instant action is timely filed, he must allege when the motion was filed, when it was denied, why it was denied, whether he appealed from the denial of the motion, when the appeal was decided, why the order denying him postconviction relief was affirmed on appeal, and whether he sought certiorari review. He also will be directed to attach to the amended application copies of any state orders, if available, pertinent to his postconviction proceedings.

Mr. Cooper must demonstrate in the amended application that he has exhausted state remedies as to each asserted claim. **See** 28 U.S.C. § 2254(b)(1). An application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state

3

court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See **Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992). At present, Mr. Cooper fails to make clear whether he has exhausted state remedies as to each asserted claim. Accordingly, it is

ORDERED that Mr. Cooper file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Cooper, together with a copy of this order, one copy of the following form for use in submitting the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Araj U.S. Courthouse, 901 19th Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that, if Mr. Cooper fails within the time allowed to file an

4

amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 21st day of July, 2005.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01304-OES

Charles Ronald Cooper
Prisoner No. 80587
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 7/22/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk