IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 7 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01304-ZLW

CHARLES RONALD COOPER,

Applicant,

v.

GARY GOLDER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the motion titled "Motion to Alter or Amend Judgment Pursuant to F.R.Civ.P. 59(e)" submitted *pro se* by Applicant Charles Ronald Cooper and filed with the Court on October 7, 2005. Mr. Cooper is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, Correctional Facility.

Mr. Cooper submitted *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005). In an order filed on September 29, 2005, the Court denied the amended application, dismissed the action, and entered judgment in favor of Respondents and against Applicant. The reasons for the dismissal are explained in detail in the order filed on September 29. For the reasons stated below, the motion titled "Motion to Alter or Amend Judgment Pursuant to F.R.Civ.P. 59(e)" will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The September 29, 2005, order denied the amended application as procedurally barred and as barred by the one-year limitation period in 28 U.S.C. § 2244(d) (Supp. 2005). The instant motion was filed on October 7, 2005. Applicant has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244.

2

Upon consideration of the entire file, the Court finds and concludes that Mr. Cooper fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Alter or Amend Judgment Pursuant to F.R.Civ.P. 59(e)" submitted *pro se* by Applicant Charles Ronald Cooper and filed with the Court on October 7, 2005, is denied.

DATED at Denver, Colorado, this 26 day of Oct., 2005.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01304-OES

Charles Ronald Cooper
Prisoner No. 80587
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on __10-27-05__

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk